## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ARIAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| AT & T MOBILITY SERVICES, LLC, | ) | Magistrate Judge |
| a foreign corporation, AT & T, a | ) | |
| foreign corporation | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ARIAN SMITH, by and through his attorneys, Seth R. Halpern and Meredith Buckley, of Malkinson & Halpern, P.C., and complains of defendants AT&T MOBILITY SERVICES, LLC, a foreign corporation and AT&T, a foreign corporation as follows:

### COUNT I (RACE DISCRIMINATION)

1.      Plaintiff, ARIAN SMITH (hereinafter "SMITH" or "Plaintiff"), is an African American citizen of the State of Illinois and a resident of the City of Chicago, County of Cook.

2.      Defendants AT&T MOBILITY SERVICES, LLC and/or AT&T (hereinafter collectively referred to as "AT&T" or "defendant") is a foreign corporation doing business at 7601 S. Cicero Avenue, Chicago, Illinois.  Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C. 2000(e)(b).

3.      This court has jurisdiction of this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq*., and 42 U.S.C. 1981.

4.      This action properly lies in this district pursuant to 28 U.S.C. 1391 because the

claim arose in this judicial district.

5.      Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on November 21, 2011. A copy of the Charge of Discrimination is attached hereto as Exhibit A.

6.      On or about March 27, 2012, the EEOC issued to Plaintiff a Notice of Right to Sue, attached hereto as Exhibit B.

7.      On or around September 14, 2009, Defendants hired Plaintiff as a sales representative at its "Ford City" store located at 7601 S. Cicero Avenue, Chicago, Illinois.

8.      During his employment, Plaintiff was the victim of a pattern and practice of race discrimination, and harassment and disparate treatment on the terms and conditions of employment based upon race, and retaliation for complaining about discrimination and harassment, while employed at AT&T.

9.      Specifically, beginning in or around April of 2011 and continuing until in or around November 23, 2011, Plaintiff's supervisor, Irene Martinez, continually and on a daily basis, commonly in the presence of multiple AT&T employees, engaged in racial discriminatory and harassing behavior in the workplace that included but is not limited to:

   a)      Criticizing and referring to Plaintiff's haircut as "so ghetto";

   b)      Referring to black customers as "your people" (directing said comments to Plaintiff) and stating that black customers were coming into the store "to do fraud" in the Plaintiff's presence;

   c)      Profiling otherwise qualified black customers who ask for multiple lines as fraudulent in a derogatory manner; [in the presence of Plaintiff]

   d)      Allowing racially derogatory comments by co-employees with no recourse;

    e)       Subjecting Plaintiff to differing terms and conditions of employment compared to other, non-black employees, including but not limited to scheduling and attendance;

    f)       Subjecting Plaintiff to disparately enforced disciplinary procedures compared to similarly situated non-black employees, up to and including his ultimate suspension and termination; and

    g)       other racist, derogatory and/or disparaging behavior directed toward or performed in the presence of Plaintiff.

10.    Plaintiff did repeatedly complain on numerous occasions to administrative, Human Resources and supervisory personnel at AT&T, about the above-mentioned discriminatory and harassing behavior, including, but not limited to Tracy Ryan, Leon Duarte (Director of Sales), and Mara Wasar (Asset Protection Lead Analyst) :

11.    At all relevant times, Plaintiff performed his job duties in a satisfactory manner.

12.    During his employment, Plaintiff was subjected to disparate treatment due to his race, Black.

13.    Plaintiff was ultimately suspended and terminated because of his race, Black.

14.    Defendants did not subject non-black employees to the above-mentioned harassing, discriminatory, humiliating and offensive behavior.

15.    The effect of defendants' policies and practices as described above has been to deprive Plaintiff of equal employment opportunities and to deprive Plaintiff of the same right to make and enforce contracts as is enjoyed by non-black citizens.

16.    As a proximate result of defendants' discriminatory and wrongful acts as set forth herein, Plaintiff has suffered emotional distress, humiliation, embarrassment, and mental anguish.

17.    As a further result of Defendants' above stated actions, Plaintiff was forced to

endure a racially hostile work environment during his employment with Defendant and has been deprived of income in the form of wages and other benefits due to him, solely because of his race, in an amount to be proved at trial, and has suffered, and continues to suffer emotional distress, humiliation, embarrassment, and mental anguish.

18.     The foregoing actions described above constitute a violation of Title VII, 42 U.S.C. 2000(e), *et seq.* and 42 U.S.C. 1981 by Defendant against Plaintiff.

WHEREFORE, Plaintiff, ARIAN SMITH, respectfully prays that this Court enter judgment in favor of Plaintiff and against Defendants, AT&T Mobility and AT&T:

(a)   Declaring that the conduct of Defendant AT&T as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq*. and 42 U.S.C. 1981;

(b)   Awarding Plaintiff the salary, with interest, he has lost as a result of defendants' conduct;

(c)   Awarding Plaintiff compensatory and punitive damages;

(d)   Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. §2000(e)-5(k) and 42 U.S.C. 1988(b); and

(e)   Awarding Plaintiff such other and further relief as this Court deems proper and just.

## COUNT II (IMPERMISSABLE RETALIATION)

19.     Plaintiff realleges paragraphs 1-18 of Count I as paragraph 19 of Count II, as though fully rewritten, herein.

20.     Beginning on or after August 5, 2011, Defendants began a course of retaliation against Plaintiff for his complaints of racial discrimination, including suspending Plaintiff on or

about October 12, 201, and ultimately terminating Plaintiff's employment on or about November 23. 2011.

21.    Defendants' course of conduct toward Plaintiff showed a willful and/or reckless disregard of Plaintiff's rights to employment free from impermissible discriminatory and retaliatory conduct.

22.    As a further result of the Defendants' above stated actions, Plaintiff was forced to endure a retaliatory hostile work environment during his employment with the Defendants and has been deprived of income in the form of wages and benefits, solely because of impermissible retaliation, in an amount to be proved at trial, and has suffered, and continues to suffer emotional distress, humiliation, embarrassment, and mental anguish.

WHEREFORE, Plaintiff, ARIAN SMITH, respectfully prays that this Court enter judgment in favor of Plaintiff and against Defendants, AT&T Mobility and AT&T:

(a)    Declaring that the conduct of Defendants described herein is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e), *et seq.* and 42 U.S.C. 1981;

(b)    Awarding Plaintiff the salary plus commission, with interest, he has lost as a result of Defendants' conduct;

(c)    Awarding Plaintiff compensatory damages, including for emotional distress, humiliation, embarrassment mental anguish;

(d)    Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. Sec. 2000(e)-5(k) and 42 U.S.C. §1988; and

(e)    Awarding Plaintiff such other and further relief as this Court deems proper and just.

**Plaintiff demands trial by jury.**

Dated: June 22, 2012

By: s/ Seth R. Halpern
One of Plaintiff's Attorneys

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
(312) 427-9600
Attorney No.: 34694